-Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| EVELYN SANTIAGO RODRÍGUEZ<br><br>Apelante<br><br>v.<br><br>DR. DELFÍN BERNAL ECHEANDÍA, et als<br><br>Apelados | TA2025AP00358 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2024CV07178 (401)<br><br>Sobre: Daños y Perjuicios |
| --- | --- | --- |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 10 de noviembre de 2025.

Comparece ante nos Evelyn Santiago Rodríguez ("señora Santiago Rodríguez" o "la Apelante") mediante *Apelación* presentada el 19 de septiembre de 2025. Nos solicita la revisión de la *Sentencia Parcial* dictada el 30 de julio de 2025, notificada el 1 de agosto del mismo año, por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro primario" o "tribunal *a quo*"). Por virtud del aludido dictamen, el foro primario declaró *Ha Lugar* la moción de desestimación presentada por Puerto Rico Medical Defense Insurance Company ("PRMDIC" o "Parte Apelada"). Consecuentemente, desestimó con perjuicio la causa de acción en cuanto a esta última.

Por los fundamentos que expondremos a continuación, **revocamos** el dictamen apelado.

### I.

La presente controversia tuvo su inicio el 25 de julio de 2023, cuando la señora Santiago Rodríguez presentó una *Demanda* sobre daños y perjuicios e impericia médica contra el Dr. Delfín Bernal

Echeandía ("Dr. Bernal Echeandía"), su esposa Fulana de Tal y la Sociedad Legal de Bienes Gananciales compuesta por ambos; San Pablo Developers Inc. d/b/a Advanced Imaging Interventional Center; Grupo HIMA San Pablo, Inc.; PRMDIC; Compañía de Seguro XYZ y otros demandados de nombre desconocido.[1] Mediante esta, alegó que el 5 de agosto de 2021, acudió a las oficinas del Dr. Bernal Echeandía a los fines de realizarse una biopsia por aspiración con aguja fina. No obstante, señaló que al realizar el procedimiento, el Dr. Bernal Echeandía utilizó una aguja más grande del tamaño recomendado por la práctica aceptada de la medicina y la introdujo muy cerca de su cuello. Como resultado, aseveró que sufrió daños permanentes en sus cuerdas vocales, pérdida de voz, inflamación, fuertes dolores de garganta y cuello, y serios problemas para tragar.

Así las cosas, adujo que advino en conocimiento de la severidad del daño el 9 de abril de 2022. Ante ello, esbozó que el 26 de julio de 2022, cursó una reclamación extrajudicial vía correo certificado con acuse de recibo a cada uno de los apelados con nombre conocido.[2] Razonó que a partir de dicha fecha, comenzó a transcurrir el término de un (1) año para presentar su causa de acción.

Ante ese cuadro, la señora Santiago Rodríguez solicitó una indemnización de un millón de dólares ($1,000,000.00) por sufrimientos físicos, daños estéticos, impedimento físicos permanente y daños y angustias mentales.

Transcurridos varios trámites procesales, mediante *Sentencia* emitida el 7 de diciembre de 2023, notificada el 11 del mismo mes y año, el tribunal primario ordenó el archivo del caso sin perjuicio por

---

[1] Véase, Entrada 1 del expediente del caso BY2023CV04120 en el Sistema Unificado de Manejo y Administración de Casos del foro primario (SUMAC TPI).

[2] Aunque la Apelante señala que la reclamación fue cursada por correo certificado el 26 de julio de 2022, surge del expediente que el matasellos del Servicio de Correo Postal tiene fecha de 27 de julio de 2022. Véase, SUMAC TPI, Entrada 1, Anejo 1.

incumplimiento con el término para diligenciar los emplazamientos.[3]

Posteriormente, el 3 de diciembre de 2024, la señora Santiago Rodríguez presentó nuevamente una *Demanda* sobre daños y perjuicios en torno a los mismos hechos, contra las mismas partes.[4] Esta vez, agregó que el término prescriptivo de un (1) año para presentar la causa de acción había comenzado a transcurrir nuevamente a partir del 7 de diciembre de 2023, luego del archivo del caso BY2023CV04120.

En lo que respecta a la Parte Apelada, el 14 de mayo de 2025, esta compareció mediante *Moción Solicitando Desestimación Parcial de Demanda bajo la Regla 10.2 de Procedimiento Civil*.[5] En esencia, arguyó que la causa de acción en su contra estaba prescrita. Explicó que al no ser cocausante del daño alegado, no le era aplicable la teoría cognoscitiva del daño, por lo que el término prescriptivo debía computarse desde la fecha en que ocurrió el daño. Añadió que la reclamación extrajudicial cursada por la señora Santiago Rodríguez no fue dirigida a PRMDIC, por lo que dicho término no fue interrumpido. En consecuencia, sostuvo que tanto el caso BY2023CV04120 como el presente habían sido presentados una vez vencido dicho término. Finalmente, sostuvo que, conforme al Código de Seguros de Puerto Rico, 26 LPRA sec. 101, *et seq.*, la señora Santiago Rodríguez solo podía presentar una acción posterior e independiente en su contra una vez obtuviese una sentencia contra el Dr. Bernal Echeandía.

En respuesta, el 12 de julio de 2025, la Apelante instó *Moción en Oposición a Desestimación Parcial*.[6] Mediante esta, detalló que el 1 de diciembre de 2022, recibió una carta de la Parte Apelada en la

---

[3] Véase, Entrada 14 del expediente del caso BY2023CV04120 en SUMAC TPI.
[4] Véase, SUMAC TPI, Entrada 1.
[5] Véase, SUMAC TPI, Entrada 21.
[6] Véase, SUMAC TPI, Entrada 28.

que anunciaron por primera vez que contaba con una póliza expedida a favor del Dr. Bernal Echeandía. Consta además, que le confirmaron el recibo de la reclamación en su contra.[7] En vista de ello, arguyó que era a partir de dicha fecha que había comenzado a transcurrir el término de un (1) año para ejercer la causa de acción contra PRMDIC. Consecuentemente, sostuvo que ambas demandas habían sido presentadas oportunamente.

Al próximo día, PRMDIC instó *Réplica a Oposición a Moción de Desestimación Parcial*, en la que reprodujo los mismos argumentos incluidos en su moción dispositiva.[8]

Considerados los planteamientos de las partes, el 30 de julio de 2025, notificada el 1 de agosto del mismo año, el foro primario emitió la *Sentencia Parcial* apelada.[9] En virtud de esta, formuló las siguientes determinaciones de hechos:

1. La Demanda de epígrafe se presentó el 3 de diciembre de 2024. Se alegó que medió impericia médica en el procedimiento de biopsia de tiroides hecha por el Dr. Bernal el 5 de agosto de 2021 a la Sra. Evelyn Santiago Rodríguez.

2. La parte demandante acompañó junto a la Demanda cartas de reclamación extrajudicial notificadas a ciertos codemandados con fecha de 26 de julio de 2022.

3. La parte demandante no incluyó evidencia de reclamación extrajudicial dirigida y notificada a PRMDIC.

4. La primera acción judicial incoada por la demandante, caso BY2023CV04120, incluyó a PRMDIC como codemandada y fue presentada el 25 de julio de 2023. La misma fue desestimada sin perjuicio el 7 de diciembre de 2023, notificada el 11 de diciembre de 2023.

Cónsono con estas, el foro primario concluyó que PRMDIC no era cocausante del daño reclamado, por lo que no le aplicaba la teoría cognoscitiva del daño. Añadió que la acción en su contra era separada e independiente a la acción contra el Dr. Bernal Echeandía, y debía presentarse en el término prescriptivo de un (1) año, contado a partir de la ocurrencia del daño. Apoyado en dicha

---

[7] Véase SUMAC TPI, Entrada 28, Anejo 2.
[8] Véase, SUMAC TPI, Entrada 30.
[9] Véase, SUMAC TPI, Entrada 32.

premisa, concluyó que del expediente no surgía que la Apelante hubiese cursado una reclamación extrajudicial o acción judicial contra PRMDIC dentro de dicho término, por lo que la causa de acción en cuanto a PRMDIC había prescrito. Consecuentemente, declaró *Ha Lugar* la *Moción Solicitando Desestimación Parcial de Demanda bajo la Regla 10.2 de Procedimiento Civil* y desestimó con perjuicio la *Demanda* contra PRMDIC.

Inconforme con el resultado, de manera oportuna, el 18 de agosto de 2025, la señora Santiago Rodríguez presentó *Moción de Reconsideración a Sentencia de Desestimación Parcial.*[10] En esta, sostuvo que la causa de acción contra PRMDIC no podía considerarse prescrita, puesto que en todas las cartas de reclamación extrajudicial se había incluido "a la aseguradora XYZ"[11]. Añadió que descubrió la identidad de PRMDIC luego de la ocurrencia de los hechos, por lo que actuó oportunamente al incluirla en las reclamaciones judiciales instadas. Por estos fundamentos, solicitó que el tribunal primario reconsiderara su dictamen.

Atendida la solicitud, el 19 de agosto de 2025, notificada al día siguiente, el foro primario emitió *Orden* en la que declaró *No Ha Lugar* la misma.[12]

Aún en desacuerdo, el 19 de septiembre de 2025, la Apelante presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al emitir sentencia de desestimación parcial tras analizar la reclamación como una acción directa independiente bajo el Código de Seguros, cuando en realidad se trata de una acción conjunta contra asegurado y aseguradora, sujeta a requisitos distintos.
>
> Erró el Tribunal de Primera Instancia al computar el término prescriptivo desde la fecha del daño (5 de agosto de 2021), en lugar de desde el momento en que

---

[10] Véase, SUMAC TPI, Entrada 33.
[11] Véase, SUMAC TPI, Entrada 33, pág. 2.
[12] Véase, SUMAC TPI, Entrada 34.

la demandante incluyó a aseguradora de nombre desconocido XYZ en la reclamación extrajudicial y conoció la identidad de PRMDIC como aseguradora, a quien demandó en acción conjunta dentro del término prescriptivo para las acciones de en daños y perjuicios.

Erró el Tribunal de Primera Instancia al aplicar inadecuadamente la jurisprudencia de *Menéndez v. Rodríguez* (2020), porque trató la sentencia como un precedente vinculante para un escenario claramente distinguible: una acción directa sin aseguradora desconocida y sin reclamaciones extrajudiciales válidas a su asegurado.

El 23 de septiembre de 2025, esta Curia emitió *Resolución* mediante la cual le concedió a PRMDIC hasta el 20 de octubre de 2025 para presentar su alegato. Oportunamente, el 16 de octubre de 2025, PRMDIC presentó *Alegato de la Parte Apelada Puerto Rico Medical Defense Insurance Company*. Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

**II.**

### A. Desestimación al amparo de la Regla 10.2 (5) de Procedimiento Civil

En nuestro esquema procesal, la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a la parte demandada solicitar la desestimación de la acción legal antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Collazo Muñiz v. Aliss*, 215 DPR ___ (2025), 2025 TSPR 22, pág. 5 citando a *Sánchez v. Aut. de los Puertos*, 153 DPR 559, 569 (2001). Véase también, *Inmob. Baleares et al. v. Benabe et al.* 214 DPR ___ (2024) 2024 TSPR 112, pág. 18-19 citando a *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065 (2020). La precitada regla fija los siguientes fundamentos para solicitar la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique

la concesión de un remedio; y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2. (Énfasis nuestro).

En lo pertinente, el inciso (5) de la Regla 10.2 de Procedimiento Civil, *supra,* permite la desestimación de una demanda bajo el fundamento de que no expone una reclamación que justifique la concesión de un remedio. En este contexto, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda que hayan sido aseverados de manera clara y concluyente y, a su vez, considerarlos de la forma más favorables a la parte demandante. *BPPR v. Cable Media,* 215 DPR___ (2025) 2025 TSPR 1, pág. 11.

No obstante, para que prevalezca una moción de desestimación al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra*, esta "debe establecer con toda certeza que la parte demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda ser probado en apoyo a su reclamación, aun interpretando la demanda de la forma más liberal posible a su favor". *Díaz Vázquez et al. v. Colón Peña et al.*, 214 DPR___ (2025) 2024 TSPR 113, pág. 16. Tampoco procede la desestimación si el remedio no procede bajo ningún supuesto de derecho ni pueda ser enmendada para subsanar cualquier deficiencia. *Íd.*

Por otra parte, el tribunal debe examinar si "a la luz de la situación más favorable al demandante, y resolviendo toda duda a su favor, la demanda es suficiente para constituir una reclamación válida". *BPPR v. Cable Media., supra*, pág. 12.

### B. Código de Seguros

En nuestro ordenamiento jurídico la industria de seguros está revestida de alto interés público debido a su importancia, complejidad y efecto en la economía y la sociedad. *Rivera, Lozada v. Universal,* 214 DPR 1007, 1024 (2024); *Consejo Titulares v. MAPFRE,*

208 DPR 716, 773 (2022). En atención a ello, el negocio de seguros ha sido regulado ampliamente por el Estado, principalmente mediante la Ley Núm. 77 del 19 de julio de 1957, según enmendada, mejor conocida como el Código de Seguros, *supra. Íd.*; *Birriel Colón v. Econo y otro*, 213 DPR 80, 92 (2023).

En lo concerniente, el Artículo 20.010 del Código de Seguros, 26 LPRA sec. 2001, establece que toda aseguradora que expida una póliza para asegurar a una persona contra daños o perjuicios, por causa de responsabilidad legal por lesiones corporales, muerte o daños a la propiedad de un tercero, será responsable cuando ocurriere una pérdida cubierta por dicha póliza.

Cónsono con ello, el Artículo 20.030 del referido estatuto, establece los principios que rigen las reclamaciones de un tercero perjudicado. *Véase*, 26 LPRA sec. 2003. En específico, dispone lo siguiente:

(1) La persona que sufriere los daños y perjuicios tendrá, a su opción, una acción directa contra el asegurador conforme a los términos y limitaciones de la póliza, acción que podrá ejercitar contra el asegurador solamente o contra éste y el asegurado conjuntamente. La acción directa contra el asegurador se podrá ejercer solamente en Puerto Rico. La responsabilidad del asegurador no excederá de aquella dispuesta en la póliza, y el tribunal deberá determinar no solamente la responsabilidad del asegurador, sino que también la cuantía de la pérdida. Cualquier acción incoada conforme a este Artículo estará sujeta a las condiciones de la póliza o contrato y a las defensas que pudieran alegarse por el asegurador en acción directa instada por el asegurado.

(2) En una acción directa incoada por la persona que sufriere los daños y perjuicios contra el asegurador, éste está impedido de interponer aquellas defensas del asegurado basadas en la protección de la unidad de la familia u otras inmunidades similares que estén reconocidas en el ordenamiento jurídico de Puerto Rico.

(3) Si el perjudicado entablara demanda contra el asegurado solamente, no se estimará por ello que se le prive, subrogándose en los derechos del asegurado con arreglo a la póliza, del derecho de sostener acción contra el asegurador y cobrarle luego de obtener sentencia firme contra el asegurado.

Así pues, un tercero perjudicado podrá, a su opción, dirigir su causa de acción (1) contra el asegurado, (2) contra la aseguradora o (3) contra ambos conjuntamente. *Savary et al. v. Mun. Fajardo et al.*,

198 DPR 1014, 1024 (2017); *SLG Albert-García v. Integrand Asrn.*, 196 DPR 382, 393 (2016).

Ahora bien, aunque la reclamación pueda presentarse de manera conjunta, la causa de acción contra la aseguradora se caracteriza por ser independiente, distinta y separada a la reclamación que tiene disponible el tercero perjudicado contra el asegurado. *Savary et al. v. Mun. Fajardo et al.*, supra; *Ruiz v. New York Dept. Stores*, 146 DPR 353, 364 (1998).

Cónsono a lo anterior, y como norma general, una aseguradora no responde solidariamente por los daños ocasionados por su asegurado, salvo que ello surja expresamente del contrato de seguros. *Gen. Accid. Ins. Co. P.R. v. Ramos*, 148 DPR 523, 537 (1999). Dicho de otro modo, "[p]ara que exista solidaridad entre una compañía aseguradora y el asegurado, ello debe surgir claramente del contrato de seguros. Dicha solidaridad debe haberse pactado expresamente o, al menos, debe surgir claramente del contenido del contrato que la relación entre las partes se constituyó con tal carácter". *Íd.*

Por otro lado, en lo que respecta al término prescriptivo en estos casos, el Tribunal Supremo de Puerto Rico ha establecido que el plazo para presentar una acción contra el asegurado o la aseguradora es de un (1) año, conforme al Artículo 1204 del Código Civil de 2020, 31 LPRA sec. 9496. Véase, *Ruiz Millán v. Maryland Cas. Co.*, 101 DPR 249, 250-251 (1973). Esto pues, aunque se trate de sujetos distintos, la responsabilidad de ambos emana del propio Artículo 1536 del Código Civil de 2020, 31 LPRA sec. 10801, convergen los mismos hechos en controversia y comparten idéntica evidencia. *Íd.*, pág. 251.

### B. Prescripción extintiva

La prescripción de las acciones es un asunto de derecho sustantivo y no procesal. *Landrau Cabezudo et al. v. Puertos et al.*,

215 DPR___ (2025) 2025 TSPR 7, pág. 14. Esta figura jurídica persigue "evitar la incertidumbre de las relaciones jurídicas y castigar la inacción en el ejercicio de los derechos." *García Pérez v. Corp. Serv. Mujer,* 174 DPR 138, 147 (2008). Por ello, nuestro ordenamiento "parte de la premisa de que las reclamaciones válidas deben ejercerse oportunamente". *OAM v. Abarca Health,* 215 DPR___ (2025) 2025 TSPR 23 pág. 17.

A esos fines, el Artículo 1189 del Código Civil de 2020, 31 LPRA sec. 9481, establece que "[l]a prescripción es una defensa que se opone a quien no ejercita un derecho o acción dentro del plazo de tiempo que la ley fija para invocarlo". A su vez, el aludido artículo añade que "[l]as acciones prescriben por el mero lapso del tiempo fijado por ley". *Íd.* Por otro lado, en las causas de acción por daños, "los términos prescriptivos comienzan a transcurrir desde que el agraviado tuvo o debió tener conocimiento del daño y estuvo en posición de ejercer su causa de acción". *Landrau Cabezudo et al. v. Puertos et al.,* supra.

Cabe aclarar, que cuando un perjudicado tenga una causa de acción en daños contra varios demandados, "deberá interrumpir la prescripción en relación con cada cocausante por separado, dentro del término de un año establecido […] si interesa conservar su causa de acción contra cada uno de ellos. *Fraguada Bonilla v. Hosp. Aux. Mutuo,* 186 DPR 365, 389 (2012); Véase además, *Maldonado Rivera v. Suárez y otros,* 195 DPR 182, 210 (2016). Por ende, "en las obligaciones solidarias que provengan de coacusación del daño, cuando el acreedor reclama de uno de los deudores solo la parte que le corresponde, no se interrumpe por ello la prescripción respecto a los otros codeudores". Artículo 1189 del Código Civil de 2020, *supra.*

En armonía con lo anterior, nuestro ordenamiento jurídico reconoce que, a diferencia de la caducidad, la prescripción sí permite interrupción. Existen tres (3) maneras de interrumpir la

prescripción, a saber: (1) la presentación de la acción judicial correspondiente, (2) por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor, o (3) el reconocimiento de la obligación por parte del deudor. Producida la interrupción, comienza nuevamente a transcurrir el cómputo del plazo. Art. 1197 del Código Civil de 2020, 31 LPRA sec. 9489. Véase, además, *Ross Valedón v. Hosp. Dr. Susoni et al.*, 213 DPR 481, 495 (2024). En ausencia de un acto interruptor, el titular de una causa de acción pierde su derecho a instalarla si no la ejerce en el plazo que establece la Ley. *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1067 (2020).

Conviene señalar que la interrupción de la prescripción mediante una reclamación extrajudicial se entiende como la manifestación inequívoca, por quien se encuentra en una situación de amenaza de perder su derecho, de expresar su voluntad de no perderlo. *Sánchez v Aut. de Puertos*, 153 DPR 559, 568 (2001).

Por otra parte, en virtud la normativa antes expuesta, nuestro Tribunal Supremo ha reiterado la finalidad jurídica de esta figura, estableciendo lo siguiente:

> Al fijar un plazo determinado en el cual se deberá instar una acción, se pone punto final a las situaciones de incertidumbre jurídica y se evita que las personas estén sujetas de forma indefinida a la contingencia de una reclamación. De lo contrario, un demandado podría encontrarse en una situación de indefensión como consecuencia del paso del tiempo y la desaparición de la prueba. *Íd.,* pág. 1068.

De tal manera, se promueve que las personas ejerzan sus causas de acción con diligencia, lo que fomenta la estabilidad en las relaciones y el tráfico jurídico. *SLG Haedo-López v. SLG Roldán Rodríguez,* 203 DPR 324, 337 (2019).

Ahora bien, en *Birriel Colón v. Econo y otro,* supra, pág. 101, algunos factores que se pueden tomar en consideración para determinar si una reclamación frente a quien corresponda, pudiera surtir efectos en cuanto a otras personas a las que no fue

expresamente dirigida son: (1) la suficiencia del esfuerzo que el interruptor debe realizar para determinar el sujeto pasivo de su pretensión y (2) si el acto de interrupción hubiera llegado o podido llegar normalmente a ser conocido por los afectados. Asimismo, en Puerto Rico se ha reafirmado el principio general de que "la buena fe proscribe la utilización de la defensa de prescripción." *Íd.*, pág. 102.

En sintonía con lo anterior, el Tribunal Supremo de Puerto Rico ha reconocido "para que una reclamación extrajudicial sea efectiva debe cumplir con lo siguiente: (1) que sea oportuna; (2) que una persona con legitimación la presente; (3) que el medio utilizado para hacer la reclamación sea idóneo, y (4) que exista identidad entre el derecho reclamado y el afectado por la prescripción". *Íd.*, pág. 96–97.

### C. Teoría cognoscitiva del daño

El Artículo 1204 del Código Civil de 2020, *supra*, fija el término prescriptivo en torno a las reclamaciones de daños y perjuicios:

> Prescriben, salvo disposición diversa de la ley:
> (a) por el transcurso de **un (1) año**, la reclamación para exigir responsabilidad extracontractual, **contado desde que la persona agraviada conoce la existencia del daño y quien lo causó**. (Énfasis nuestro).

La brevedad de este plazo responde a la inexistencia de una relación jurídica previa entre demandante y demandado. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 374 (2012); *Culebra Enterprises Corp. v. ELA*, 127 DPR 943, 951-952 (1991), citando a L. Díez-Picazo, *La prescripción en el Código Civil*, Barcelona, Ed. Bosch, 1964, pág. 239.

En lo atinente a las reclamaciones por impericia médica, el Tribunal Supremo ha delineado las siguientes consideraciones:

> Para ejercer la acción de daños y perjuicios por impericia médica no basta tener conocimiento del daño, sino que **resulta imprescindible conocer quién es el autor para**

> **dirigir la demanda contra él.** Para que comience a transcurrir efectivamente el plazo prescriptivo extintivo de un (1) año para la presentación de la acción de daños y perjuicios por impericia médica, el actor debe conocer el daño que ha sufrido y el autor del mismo. *Vera v. Dr. Bravo,* 161 DPR 308, 322 (2004). (Énfasis nuestro).

Según la interpretación jurisprudencial, el término prescriptivo "**comienza a transcurrir una vez el agraviado conoció o debió conocer los elementos necesarios para ejercer su causa de acción, a saber: que sufrió un daño y quién lo causó**". *Conde Cruz v. Resto Rodríguez, supra,* pág. 1068. (Énfasis nuestro). Por tanto, "no es necesario que el perjudicado conozca en ese momento toda la magnitud y extensión de las consecuencias lesivas de las lesiones corporales, ya que tal extremo se puede establecer en un momento posterior durante el proceso jurídico para su reparación". *Vera v. Dr. Bravo, supra,* pág. 330.

Ahora bien, si no insta la reclamación por la falta de diligencia, estas consideraciones liberales de la prescripción no aplican. *Saldaña Torres et al. v. Mun. San Juan,* 198 DPR 934, 942 (2017). (Énfasis nuestro). Le corresponde al demandante ejercer la diligencia de una persona prudente y razonable, de manera que descubra los elementos necesarios para su causa de acción en un tiempo razonable para, así, cumplir con los propósitos de la prescripción. *Véase Vera v. Dr. Bravo, supra,* pág. 330.

### III.

Expuesto el marco jurídico y ponderados los argumentos de las partes, procedemos a resolver. Por estar estrechamente relacionados, discutiremos los errores en conjunto.

En el presente recurso, la señora Santiago Rodríguez señala que el tribunal *a quo* erró al desestimar la causa de acción contra PRMDIC. Argumenta que el foro primario no tomó en cuenta la naturaleza de la acción conjunta presentada contra el Dr. Bernal Echeandía y PRMDIC, así como los efectos de la teoría cognoscitiva

del daño en el cómputo del término prescriptivo. De igual forma, esboza que la aplicación de la jurisprudencia de *Menéndez, Velázquez v. Rodríguez et al.*, 203 DPR 885 (2020), fue inapropiada, toda vez que los hechos de dicho caso son claramente distintos a los del presente.

Tras un estudio detenido del expediente y el marco legal previamente discutido, resolvemos que el foro primario incidió al desestimar la causa de acción contra PRMDIC. Veamos.

De entrada, resulta necesario establecer una distinción entre el caso de marras y el de *Menéndez, Velázquez v. Rodríguez et al.*, supra, toda vez que el foro primario fundamentó gran parte de su determinación en la Opinión de Conformidad de la Jueza Asociada Rodríguez Rodríguez en dicho caso.[13] No obstante, este resulta claramente distinguible del presente.

En el caso de *Menéndez, Velázquez v. Rodríguez et al.*, supra, la controversia versaba sobre una reclamación por daños y perjuicios derivados de un accidente de tránsito en el que un asegurado ocasionó daños. En dicha reclamación, la parte demandante presentó una causa de acción únicamente contra el asegurado, sin incluir a su aseguradora ni alguna de nombre desconocido. Tampoco cursó reclamación extrajudicial contra esta. Tras dos (2) años de litigio, la parte demandante solicitó autorización para enmendar la demanda, a los fines de incluir en el pleito a la aseguradora. En apoyo a su planteamiento, arguyó que había advenido en conocimiento en ese momento de la existencia de la aseguradora. Esta última se opuso alegando que la causa de acción en su contra estaba prescrita. Señaló que no existía solidaridad entre ella y su asegurado, puesto que su responsabilidad derivaba

---

[13] Conviene señalar que el referido caso se resolvió mediante sentencia, por lo que no resulta vinculante al caso ante nos, y su valor es, en cualquier caso, persuasivo.

únicamente del contrato de seguros. En ese sentido, esgrimió que no aplicaba la teoría cognoscitiva del daño. En respuesta, la parte demandante sostuvo que actuó oportunamente conforme a la referida teoría, por lo que su causa de acción contra la aseguradora no estaba prescrita.

Tras analizar las posturas de las partes, el Tribunal Supremo, a través de la Opinión de Conformidad de la Jueza Asociada Rodríguez Rodríguez, concluyó que, dado a que la aseguradora (1) no era cocausante del daño, (2) ni respondía solidariamente por su asegurado y (3) no fue incluida en el pleito bajo su propio nombre ni como aseguradora desconocida, no podía ser traída al caso con posterioridad. En otras palabras, el Máximo Foro razonó que, al no haber participado en la causación del daño, carecer de solidaridad con el asegurado y no haber sido parte del pleito desde su inicio, la aseguradora no podía ser incorporada posteriormente al caso ya instado contra su asegurado. Ante ese contexto particular, el Tribunal Supremo resolvió que la teoría cognoscitiva del daño no resultaba aplicable, por lo que el término prescriptivo para instar una causa de acción en contra de la aseguradora había comenzado a transcurrir desde el momento en que se ocasionó el daño y no desde que se conoció su identidad.

Distinto a lo anterior, en el caso ante nuestra consideración, la señora Santiago Rodríguez instó una causa de acción conjunta contra el asegurado y la aseguradora, a saber, el Dr. Bernal Echeandía y PRMDIC. Nótese que no se trata de una reclamación presentada posteriormente, sino de una acción conjunta de conformidad al Artículo 20.030 del Código de Seguros, *supra*. A la luz de este cuadro fáctico, distinto al caso antes discutido, resulta irrelevante si PRMDIC es o no cocausante del daño, o si existe solidaridad entre esta y su asegurado, pues la Apelante no pretende incorporar a PRMDIC al pleito en un tiempo posterior.

Consecuentemente, tratándose de circunstancias claramente distinguibles, la interpretación sobre la teoría cognoscitiva del daño adoptada en *Menéndez, Velázquez v. Rodríguez et al.*, supra, no se extiende al presente caso.

En esa misma línea, es importante destacar que previo a instar su causa de acción, la señora Santiago Rodríguez cursó una reclamación extrajudicial dirigida al Dr. Bernal Echeandía, en la que incluyó expresamente a una aseguradora de nombre desconocido y puntualizó que la reclamación interrumpía el término prescriptivo con relación al Dr. Bernal Echeandía y otros varios demandados, "así como las aseguradoras de las personas o corporaciones antes indicadas y cualquier tercero que sea identificado posteriormente conforme al descubrimiento de prueba."[14] Ulteriormente, PRMDIC le remitió una comunicación reconociendo expresamente que actuaba como aseguradora en representación de su asegurado.[15] Aunque dicha reclamación no tuvo efecto contra PRMDIC, pues se desconocía su identidad en ese entonces, el hecho de haber incluido a la aseguradora de nombre desconocido evidencia la diligencia de la señora Santiago Rodríguez. Al así actuar, la Apelante preservó el derecho de beneficiarse de la teoría cognoscitiva del daño. Véase, *Saldaña Torres et al. v. Mun. San Juan*, 198 DPR 934, 942 (2017); *Vera v. Dr. Bravo, supra*, pág. 330.

Establecido lo anterior, nos corresponde determinar si la causa de acción contra PRMDIC estaba o no prescrita.

Según explicado, conforme a la teoría cognoscitiva del daño, el término prescriptivo para acciones de daños y perjuicios comienza a transcurrir cuando la persona agraviada conoce el **daño** y la **identidad** del causante del mismo. Artículo 1204 del Código Civil, *supra.* Asimismo, el plazo para presentar una acción contra un

---

[14] Véase, SUMAC TPI, Entrada 1, Anejo 1, pág. 3.
[15] Véase SUMAC TPI, Entrada 28, Anejo 2.

asegurado o su aseguradora es de un (1) año. *Íd.*, *Ruiz Millán v. Maryland Cas. Co.*, 101 DPR 249, 250-251 (1973).

En el presente caso, el 5 de agosto de 2021, el Dr. Bernal Echeandía le realizó un procedimiento médico a la señora Santiago Rodríguez, el cual dio lugar a un daño que conoció el 9 de abril de 2022. No obstante, pese a tener conocimiento del daño en esa fecha, la Apelante desconocía la identidad de la aseguradora del Dr. Bernal Echeandía. No fue sino hasta el 1 de diciembre de 2022, que advino en conocimiento de que PRMDIC era la aseguradora de este, cuando le envió una reclamación judicial y esta compareció en su representación. Así pues, fue a partir de dicha fecha que comenzó a transcurrir el término prescriptivo para que la señora Santiago Rodríguez presentara una causa de acción directa contra PRMDIC. Es decir, la Apelante tenía hasta el 1 de diciembre de 2023 para instar una causa de acción contra la Parte Apelada.

Oportunamente, el 25 de julio de 2023, la señora Santiago Rodríguez instó una primera demanda conjunta contra el Dr. Bernal Echeandía y PRMDIC. Si bien es cierto que dicha demanda fue desestimada sin perjuicio el 7 de diciembre de 2023, resulta harto conocido que una acción judicial tiene el efecto de interrumpir un término prescriptivo, y además, paraliza el plazo prescriptivo hasta la resolución del caso. *Suárez Ruiz v. Figueroa Colón*, 145 DPR 142, 151 (1998). Así pues, el plazo prescriptivo para presentar la causa de acción contra PRMDIC comenzó a transcurrir nuevamente el 7 de diciembre de 2023, por lo que la Apelante tenía hasta el 7 de diciembre de 2024 para instar su causa de acción. Según surge del expediente, el caso de epígrafe fue presentado el 2 de diciembre de 2024. Esto es, dentro del término prescriptivo correspondiente. Por tanto, contrario a lo resuelto por el foro primario, la causa de acción contra PRMDIC no estaba prescrita a la fecha de la presentación de la demanda.

En vista de todo lo anterior, resulta forzoso concluir que el foro primario incurrió en los errores señalados. Al emitir su dictamen, este trató la causa de acción contra la aseguradora como una directa, aplicó erróneamente la jurisprudencia de *Menéndez, Velázquez v. Rodríguez et al.*, supra, y no reconoció la aplicación de la teoría cognoscitiva del daño, por lo que contó el término prescriptivo erróneamente. Por consiguiente, no procedía la desestimación de la causa de acción contra PRMDIC. En consecuencia, corresponde revocar la determinación recurrida.

**IV.**

Por los fundamentos expuestos, **revocamos** el dictamen apelado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones